CO-PROB12C
(Revised 5/14-D/CO)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

U.S.A. vs. CARL EUGENE SCHUMANN                              DKT. NO. 1:20CR00303-1

## PETITION FOR WARRANT ON PERSON UNDER SUPERVISION

COMES NOW, Katrina M. Devine, Senior United States Probation Officer, presenting an official report upon the conduct and attitude of defendant Carl Eugene Schumann, who was placed on supervision by the Honorable Philip M. Pro, sitting in the United States District Court in Las Vegas, Nevada, on November 4, 2004.  The defendant was sentenced to 188 months imprisonment and three years' supervised release for offenses of Bank Robbery, in violation of 18 U.S.C. § 2113(a), five counts.  Supervision commenced on May 14, 2020, and is set to expire on May 13, 2023.  Jurisdiction of the case was transferred from the District of Nevada to the District of Colorado on September 25, 2020.  As noted in the judgment [Document 1-1], the Court ordered mandatory, special and standard conditions of supervision.  The probation officer alleges the defendant has violated the following terms and conditions of supervised release as set forth herein.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF THE COURT DUE TO CAUSE AS FOLLOWS:**

**VIOLATIONS ALLEGED:**

1. **POSSESSION AND USE OF A CONTROLLED SUBSTANCE**

On or about February 2, 2021, the defendant used or administered a controlled substance, methamphetamine, which had not been prescribed for him by a physician.  This constitutes a Grade C violation of supervised release.

On July 1, 2021, the defendant was enrolled in drug testing services at Independence House, a contract provider of the Probation Office and directed to comply with the rules and the regulations of the program.

On February 2, 2021, the defendant submitted a positive drug screen for methamphetamine at Independence House.  The specimen confirmed positive for methamphetamine at the national laboratory on February 18, 2021.  On February 10, 2021, the defendant admitted he relapsed with methamphetamine.  He was referred for participation in Moral Reconation Therapy (MRT) weekly group sessions at Turning Point Mental Health Services, a contract provider of the Probation Office.

2. **POSSESSION AND USE OF A CONTROLLED SUBSTANCE**

On or about February 8, 2021, the defendant used or administered a controlled substance, methamphetamine, which had not been prescribed for him by a physician. This constitutes a Grade C violation of supervised release.

On February 8, 2021, the defendant submitted a positive drug screen for methamphetamine at Independence House. The specimen confirmed positive for methamphetamine at the national laboratory on March 6, 2021. On February 10, 2021, the defendant admitted he relapsed with methamphetamine. He was referred for participation in Moral Reconation Therapy (MRT) weekly group sessions at Turning Point Mental Health Services, a contract provider of the Probation Office.

3. **POSSESSION AND USE OF A CONTROLLED SUBSTANCE**

On or about February 27, 2021, the defendant used or administered a controlled substance, methamphetamine, which had not been prescribed for him by a physician. This constitutes a Grade C violation of supervised release.

On February 27, 2021, the defendant submitted a positive drug screen for methamphetamine at Independence House. During a telephone conversation with the defendant on March 9, 2021, he admitted he continued to ingest methamphetamine.

4. **POSSESSION AND USE OF A CONTROLLED SUBSTANCE**

On or about March 16, 2021, the defendant used or administered a controlled substance, methamphetamine, which had not been prescribed for him by a physician. This constitutes a Grade C violation of supervised release.

On March 16, 2021, the defendant submitted a positive drug screen for methamphetamine at Independence House. During an office visit on March 25, 2021, the defendant admitted to ongoing use of methamphetamine. He executed a Notice of Violation and Contract to Comply and was directed to address his continued use through therapy.

5. **POSSESSION AND USE OF A CONTROLLED SUBSTANCE**

On or about March 23, 2021, the defendant used or administered a controlled substance, methamphetamine, which had not been prescribed for him by a physician. This constitutes a Grade C violation of supervised release.

On March 23, 2021, the defendant submitted a positive drug screen for methamphetamine at Independence House. During an office visit on March 25, 2021, the defendant admitted to ongoing use of methamphetamine. He executed a Notice of Violation and Contract to Comply and was directed to address his continued use through therapy.

Case 1:20-cr-00303-CMA   Document 5   Filed 09/03/21   USDC Colorado   Page 3 of 7

Carl Eugene Schumann  
1:20CR00303-1

Petition for Warrant on Person Under Supervision  
Page 3

September 3, 2021

6. **POSSESSION AND USE OF A CONTROLLED SUBSTANCE**

On or about March 24, 2021, the defendant used or administered a controlled substance, methamphetamine, which had not been prescribed for him by a physician. This constitutes a Grade C violation of supervised release.

On March 24, 2021, the defendant submitted a positive drug screen for methamphetamine at Independence House.  During an office visit on March 25, 2021, the defendant admitted to ongoing use of methamphetamine.  He executed a Notice of Violation and Contract to Comply and was directed to address his continued use through therapy.

7. **POSSESSION AND USE OF A CONTROLLED SUBSTANCE**

On or about April 12, 2021, the defendant used or administered a controlled substance, methamphetamine, which had not been prescribed for him by a physician.  This constitutes a Grade C violation of supervised release.

On April 12, 2021, the defendant submitted a positive drug screen for methamphetamine at Independence House.  During a home visit with the defendant on April 14, 2021, the defendant admitted he continued to ingest methamphetamine a couple times weekly and most recently used a couple days earlier. The defendant was subsequently referred for participation in inpatient treatment.

8. **POSSESSION AND USE OF A CONTROLLED SUBSTANCE**

On or about April 21, 2021, the defendant used or administered a controlled substance, methamphetamine, which had not been prescribed for him by a physician.  This constitutes a Grade C violation of supervised release.

On April 21, 2021, the defendant submitted a positive drug screen for methamphetamine at Independence House.  On April 30, 2021, during a telephone contact with the defendant, he admitted to ongoing use of methamphetamine.  In addition to the defendant's current treatment regimen and referral to inpatient treatment, I introduced him to the cognitive model and assigned him opportunities to apply it in his daily life.

9. **POSSESSION AND USE OF A CONTROLLED SUBSTANCE**

On or about April 28, 2021, the defendant used or administered a controlled substance, methamphetamine, which had not been prescribed for him by a physician.  This constitutes a Grade C violation of supervised release.

On April 28, 2021, the defendant submitted a positive drug screen for methamphetamine at Independence House.  On April 30, 2021, during a telephone contact with the defendant, he admitted to ongoing use of methamphetamine.  In

Case 1:20-cr-00303-CMA   Document 5   Filed 09/03/21   USDC Colorado   Page 4 of 7

Carl Eugene Schumann  
1:20CR00303-1

Petition for Warrant on Person Under Supervision  
Page 4

September 3, 2021

addition to the defendant's current treatment regimen and referral to inpatient treatment, I introduced him to the cognitive model and assigned him opportunities to apply it in his daily life.

10. **POSSESSION AND USE OF A CONTROLLED SUBSTANCE**

On or about May 6, 2021, the defendant used or administered a controlled substance, methamphetamine, which had not been prescribed for him by a physician.  This constitutes a Grade C violation of supervised release.

On May 6, 2021, the defendant submitted a positive drug screen for methamphetamine at Independence House.  On June 1, 2021, during a telephone contact with the defendant, he admitted to continued use of methamphetamine.

11. **POSSESSION AND USE OF A CONTROLLED SUBSTANCE**

On or about May 24, 2021, the defendant used or administered a controlled substance, methamphetamine, which had not been prescribed for him by a physician.  This constitutes a Grade C violation of supervised release.

On May 24, 2021, the defendant submitted a positive drug screen for methamphetamine at Independence House.  On June 1, 2021, during a telephone contact with the defendant, he admitted to continued use of methamphetamine.

12. **POSSESSION AND USE OF A CONTROLLED SUBSTANCE**

On or about May 26, 2021, the defendant used or administered a controlled substance, methamphetamine, which had not been prescribed for him by a physician.  This constitutes a Grade C violation of supervised release.

On May 26, 2021, the defendant submitted a positive drug screen for methamphetamine at Independence House.  On June 1, 2021, during a telephone contact with the defendant, he admitted to continued use of methamphetamine.

13. **POSSESSION AND USE OF A CONTROLLED SUBSTANCE**

On or about June 5, 2021, the defendant used or administered a controlled substance, methamphetamine, which had not been prescribed for him by a physician.  This constitutes a Grade C violation of supervised release.

On June 5, 2021, the defendant submitted a positive drug screen for methamphetamine at Independence House.  On June 10, 2021, the defendant entered the 21-day Strategic Individualized Remediation Treatment (STIRT) program in Lakewood, Colorado.  On June 30. 2021, the defendant graduated from the program and was enrolled in an intensive outpatient treatment program offered through Mile High Behavioral Health Center in Denver, Colorado.

14. **POSSESSION AND USE OF A CONTROLLED SUBSTANCE**

On or about July 19, 2021, the defendant used or administered a controlled substance, methamphetamine, which had not been prescribed for him by a physician.  This constitutes a Grade C violation of supervised release.

On July 19, 2021, the defendant submitted a positive drug screen for methamphetamine at the Probation Office.  During a meeting with the defendant at the Probation Office on July 30, 2021, the defendant denied continued use of methamphetamine.  The sample was forwarded to the national laboratory for further testing and on August 12, 2021, it confirmed positive for methamphetamine.

15. **POSSESSION AND USE OF A CONTROLLED SUBSTANCE**

On or about August 9, 2021, the defendant used or administered a controlled substance, methamphetamine, which had not been prescribed for him by a physician.  This constitutes a Grade C violation of supervised release.

On August 9, 2021, the defendant submitted a positive drug screen for methamphetamine at Independence House.  Since August 9, 2021, I have made several unsuccessful attempts to contact the defendant.  As such, this drug screen has not yet been addressed with the defendant.

16. **FAILURE TO PARTICIPATE IN (SUBSTANCE ABUSE OR MENTAL HEALTH) TREATMENT AS DIRECTED BY THE PROBATION OFFICER**

The defendant failed to keep counseling appointments at Turning Point Mental Health Services and Mile High Behavioral Health Center, the testing and treatment program in which the probation officer directed him to participate on March 29, 2021; April 5, 2021; May 17, 2021; and August 10, 17, 18, 19, 24, 25, and 26, 2021.  This constitutes a Grade C violation of supervised release.

On February 23, 2021, the defendant was enrolled in Moral Reconation Therapy (MRT) group sessions at Turning Point Mental Health Services in Denver, Colorado, and directed to comply with the rules and regulations of the program.  Additionally, on August 3, 2021, the defendant enrolled in intensive outpatient services through Mile High Behavioral Health Center in Denver, Colorado, and was directed to comply with the rules and regulations of that program.

On March 29, 2021; April 5, 2021; May 17, 2021; and August 10, 17, 18, 19, 24, 25, and 26, 2021, the defendant failed to attend counseling appointments as directed.  Following his failure to attend these sessions, I received email notification from the treatment provider advising of such.  Except for the August 2021 sessions, due to my inability to successfully contact the defendant, each instance of noncompliance was addressed with the defendant.

17. **FAILURE TO PARTICIPATE IN SUBSTANCE ABUSE TESTING AS DIRECTED BY THE PROBATION OFFICER**

The defendant failed to provide urine samples at Independence House, the testing and treatment program in which the probation officer directed him to participate, on February 1, 2021; August 31, 2021; and September 1, 2021.  This constitutes a Grade C violation of supervised release.

On July 1, 2021, the defendant was enrolled in drug testing services at Independence House, a contract provider of the Probation Office and directed to comply with the rules and the regulations of the program.

On February 1, 2021; August 31, 2021; and September 1, 2021, the defendant failed to report as directed to provide a drug screen at Independence House.  Following each instance, I received timely email notification of the defendant's failure to submit to the drug screens.  While I addressed the February 1, 2021, failed submission with the defendant, I have been unable to successfully contact the defendant to address he August and September 2021 instances.

18. **FAILURE TO PAY FINE/RESTITUTION AS DIRECTED**

The defendant has failed to make payments toward his restitution on December 30, 2020; April 30, 2021; May 30, 2021; June 30, 2021; July 30, 2021; and August 30, 2021,  as directed by the probation officer, which constitutes of Grade C violation of supervised release.

On June 23, 2020, the defendant executed a payment plan agreeing to pay monthly installments of at least $100 toward his restitution balance, by the 30th day of each month until further notice.  On December 30, 2020; April 30, 2021; May 30, 2021; June 30, 2021; July 30, 2021; and August 30, 2021, the defendant failed to make payments as directed.

## STATEMENT IN SUPPORT OF ACTION/JUSTIFICATION

Based on the nature of the defendant's current conviction and the alleged violations, the probation officer requests a warrant for the defendant's arrest due to the potential danger presented by the defendant.  The defendant is currently subject to supervision for his commission of six bank robberies.  He has eight prior felony convictions for Second Degree Burglary, Aggravated Motor Vehicle Theft, and Bank Robbery.  In each robbery related to the instant offense, he presented a demand note and represented he had a gun.  The defendant was on escape status from the Colorado Department of Corrections at the time of the robberies.  In addition, since February 2021, despite access to intensive treatment resources, the defendant has continuously ingested methamphetamine.  Further, the defendant has absconded from supervision and his current whereabouts are unknown; thus, a voluntary court appearance by summons is impractical.

Case 1:20-cr-00303-CMA   Document 5   Filed 09/03/21   USDC Colorado   Page 7 of 7

Carl Eugene Schumann  
1:20CR00303-1

Petition for Warrant on Person Under Supervision  
Page 7

September 3, 2021

## RESPECTFULLY REQUESTING THAT THE COURT WILL ORDER:

The issuance of a warrant due to violations of supervised release and, subsequent to the arrest of the defendant, that the Court consider revocation of supervision.

I DECLARE under penalty of perjury that the foregoing is true and correct.

*s/ Katrina Devine*
Katrina M. Devine
Senior United States Probation Officer
Place:   Denver
Date:    September 3, 2021

*s/ Garret Pfalmer*
Garret C. Pfalmer
Supervising United States Probation Officer
Place:   Denver
Date:    September 3, 2021

## PRELIMINARY ADVISORY REVOCATION GUIDELINE CALCULATION:

The defendant was originally convicted of a Class C felony, thus the maximum sentence allowed upon revocation is two years imprisonment, pursuant to 18 U.S.C. § 3583(e). Based upon Chapter 7 of the U.S. Sentencing Guidelines, the most serious conduct alleged as a violation of supervision is considered a Grade C violation. The defendant's criminal history is a Category VI, thus the advisory guideline range for revocation is 8 to 14 months.

## STATEMENT IN SUPPORT OF DETENTION AT INITIAL APPEARANCE:

Based on the defendant's performance while on supervision, the probation officer recommends the defendant be detained pending revocation proceedings.  Pursuant to 18 U.S.C. § 3143(a), the defendant is viewed as presenting a risk of flight and danger to the community.  The defendant served a significant term of incarceration for his involvement in six bank robberies.  Since his release from custody in May 2020, he has been subject to dual supervision with the Colorado Department of Corrections, Division of Adult Parole, and resided in transitional housing offered through Second Chance Center in Aurora, Colorado.  Since February 2021, the defendant has submitted positive and often dilute drug screens for methamphetamine.  He has participated in a range of treatment services but continues to use illicit substances.  I have been unable to contact the defendant since July 30, 2021.  In addition, he presents a risk of non-appearance based upon his willful choice to abscond from supervision.  Pursuant to F.R.Crim.P.Rule 32.1(a)(6), the burden of establishing by clear and convincing evidence that the person will not flee or pose a danger to any other person or to the community rests with the defendant.