IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 20-cr-00303-CMA

UNITED STATES OF AMERICA,

       Plaintiff,

v.

CARL EUGENE SCHUMANN,

       Defendant.

---

**DEFENDANT'S STATEMENT IN ADVANCE OF
SUPERVISED RELEASE REVOCATION HEARING AND
OBJECTION TO SUPERVISED RELEASE VIOLATION REPORT**

---

The defendant, Carl Eugene Schumann ("Mr. Schumann"), by and through undersigned counsel, David E. Johnson, hereby files this Statement in Advance of the Supervised Release Revocation Hearing, scheduled for Thursday, December 9, 2021 at 3:00 pm:

### ALLEGED VIOLATIONS

Mr. Schumann intends to admit all of the alleged violations – Violations 1 through 18 – of the Petition. *See* Doc. 5.

### SENTENCING POSITION

Mr. Schumann believes the SRV Report correctly calculates the advisory guideline range at 8 to 14 months. *See* Doc. 18 ("SRV Report") at 3. The SRV Report recommends a sentence of 8 months imprisonment. *Id.* Mr. Schumann seeks an imprisonment sentence slightly below that recommendation; he recommends an imprisonment term of <u>6 months</u>.

Additional argument will be presented at the Revocation Hearing on December 9, 2021 as to why that slightly lower sentence is appropriate. However, briefly for the purposes of this filing, Mr. Schumann points out the following facts:

- Mr. Schumann maintained employment.

- Mr. Schumann sustained approximately nine months of sobriety (from May 2020 to early-February 2021).

- The SRV Report describes his first few months in the community as "commendable". SRV Report at 4.

- Mr. Schumann was up front about his relapse and use of methamphetamine.

- Prior to late-August 2021, Mr. Schumann only missed one urinalysis (UA) test. That miss occurred on February 1, 2021. When it was brought to his attention that he had missed that UA, he immediately went the next day and took a UA, as instructed.

- From February 2021 to mid-August 2021, Mr. Schumann only missed three weekly counseling appointments.

- Mr. Schumann successfully completed the 21-day STIRT program, graduating from the program. As noted in the SRV Report: "Staff spoke highly of [Mr. Schumann]'s participation and level of engagement in the program." SRV Report at 4.

- Mr. Schumann had a "willingness to address his substance use and mental health issues when he relapsed." *Id.* at 5.

- Mr. Schumann maintained his sobriety for two weeks following his graduation from STIRT.

- After a period where Mr. Schumann stopped communicating with his Probation Officer (mainly in August 2021), he "returned [the Probation Officer's] call" after she contacted his brother. *Id.* at 5.

- Mr. Schumann essentially turned himself in for arrest – reporting to the Probation Office as instructed.

- Despite being assessed in "the highest risk for recidivism and revocation," SRV Report at 4, Mr. Schumann did not commit any new criminal conduct (beyond

2

- drug use).  As correctly stated in the Report, he "did not revert to criminal conduct while under community supervision."  *Id.* at 5.

- Mr. Schumann has paid approximately 33% of his financial obligations – paying $4,467.39 out of $13,338.17 owed.

- Mr. Schumann has several chronic medical conditions requiring numerous medications and medical attention. Specifically, according to medical records from GEO, he has been treated for: i) Diabetes mellitus due to underlying condition with diabetic neuropathy, ii) hypertension, and iii) hyperlipidemia. Most concerning to Mr. Schumann is his diabetic neuropathy. While in custody in this case, Mr. Schumann has, at times, been numb from the waist down. He frequently cannot feel his feet and, when he can, his feet are cold. Finally, Mr. Schumann has been diagnosed with cataracts in his left eye, and his vision is getting worse.

The SRV Report in 04-cr-00430-CMA also seeks a subsequent term of 12 months supervised release, whereas the SRV Reports in Mr. Schumann's other three cases, *see* footnote 1, do not seek a subsequent term of supervised release in those cases.[1] Mr. Schumann has no objection to those recommendations.

Finally, Mr. Schumann has no objection to the recommended special conditions of supervised release in his 04-cr-00430-CMA case, including that he reside in a halfway house / residential reentry center (RRC) for a period of up to six months. However, he does request that the condition be "for a period of *up to* six months".  The "Justification" section of the SRV Report makes that exact recommendation. *See* 04-cr-00430-CMA, Doc. 70 at 6 ("It is further recommended the defendant be placed in a Residential Reentry Center (RRC) for a period of *up to* six months upon his release from custody . . ." *Id.* (emphasis added). However, the wording of the recommended special condition itself does not contain the "up to" language.  *Id.* at 8 (special condition

---

[1]  Mr. Schumann has four cases with identical supervised release violation petitions. *See* 95-cr-00363-CMA; 96-cr-00043-CMA; 04-cr-00430-CMA; and 20-cr-00303-CMA.

10). Mr. Schumann request the Court impose the special condition with the "up to" language included, consistent with the SRV Report's "Justification" section.

## OBJECTION TO SUPERVISED RELEASE VIOLATION REPORT

<u>Page 4 (parole office assistance)</u>:  The SRV Report states that the state parole office "provided [Mr. Schumann] with housing and assistance with obtaining his vital records, government financial assistance, and healthcare."  That statement is incorrect. As it relates to housing, state parole had arranged for Mr. Schumann's residence at a shelter (i.e. New Genesis).  It was Mr. Schumann who found housing at the Second Chance Center on his own.[2] Similarly, state parole did not provide assistance in Mr. Schumann obtaining records, financial assistance, or healthcare. Mr. Schumann obtained those things on his own, traveling to various locations and often waiting in long lines. As the SRV Report correctly describes, Mr. Schumann was "resourceful." SRV Report at 5.

        Respectfully submitted,

        VIRGINIA L. GRADY
        Federal Public Defender


        s/ David E. Johnson
        DAVID E. JOHNSON
        Assistant Federal Public Defender
        633 17th Street, Suite 1000
        Denver, CO  80202
        Telephone:  (303) 294-7002
        FAX:  (303) 294-1192
        David_johnson@fd.org
        Attorney for Defendant

---

[2] Once Mr. Schumann found housing at the Second Chance Center, it is true that state parole did help pay for such housing for the first several months.

CERTIFICATE OF SERVICE

      I hereby certify that on December 2, 2021, I filed the foregoing ***Defendant's Statement In Advance Of Supervised Release Revocation Hearing And Objection To Supervised Release Violation Report*** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following e-mail address:

      Bryan D. Fields, Assistant United States Attorney
      E-mail:  bryan.fields3@usdoj.gov

      I hereby certify that I have mailed or served the document or paper to the following participant in the manner (mail, hand-delivery, etc.) indicated next to the participant's name:

      Carl Eugene Schumann (via U.S. mail)

      s/ David E, Johnson
      DAVID E. JOHNSON
      Assistant Federal Public Defender
      633 17th Street, Suite 1000
      Denver, CO  80202
      Telephone:  (303) 294-7002
      FAX:  (303) 294-1192
      David_johnson@fd.org
      Attorney for Defendant