IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.20-cr-303

UNITED STATES OF AMERICA,

        Plaintiff,

v.

CARL EUGENE SCHUMANN,

        Defendant.

---

GOVERNMENT'S POSITION REGARDING
THE DEFENDANT'S VIOLATIONS OF SUPERVISED RELEASE AND OBJECTION
TO THE SUPERVISED RELEASE VIOLATION REPOR

---

      The defendant has been charged in a Petition for Warrant on Person Under Supervision that alleges eighteen violations of his supervised release. ECF No. 5 (the "Petition"). A hearing in this matter is set for December 9, 2021 at 3:00 p.m. The government anticipates that the defendant will admit to each of the violations. For reasons it will set forth on the record at the hearing, the government will seek a variant sentence of 8 months imprisonment, followed by another year of supervised release.

      The government submits this memorandum in advance of the hearing to (1) summarize the pending charges, (2) provide background legal principles, and (3) articulate its position that using schedule II controlled substances like methamphetamine while on supervised release is a Grade B, rather than Grade C, violation of supervised release. While the grade of the violation does not affect the government's recommendation in this case, it is still important as a matter of

formal law because it sets the baseline for evaluating the ultimate reasonableness of any sentence imposed in this case. *United States v. Rosales-Miranda*, 755 F.3d 1253, 1259-60 (10th Cir. 2014).

## BACKGROUND

The defendant is a serial bank robber who has been convicted of that crime multiple times over. His current term of supervised release began on May 14, 2020 and ends on May 13, 2023. As set forth in the Petition, the defendant's term has been marked by difficulties abstaining from the use of methamphetamine, despite substantial efforts by the Probation Office to provide the defendant with substance abuse and mental health treatment.

## ALLEGED VIOLATIONS

The Petition alleges eighteen violations. The first fifteen violations involve the use of methamphetamine. Violation 16 alleges a failure to participate in appropriate treatment programs. Violation 17 alleges failures to participate in substance abuse testing. And Violation 18 alleges that the defendant is failing to make payment towards his restitution.

## LEGAL STANDARD

Supervised release revocation hearings are not formal trials and the rules of evidence need not be strictly observed. Fed. R. Evid. 1101(d)(3); *see Morrisey v. Brewer*, 408 U.S. 471, 489 (1972) (concluding that revocation proceedings should be flexible affairs involving the consideration of material that would not be admissible at a formal trial); *United States v. Frazier*, 26 F.3d 110, 113 (11th Cir. 1994). Revocation of supervised release requires that the court find, by a preponderance of the evidence, that the defendant violated the terms and conditions of his release. 18 U.S.C. § 3583(e)(3); *United States v. Cordova*, 461 F.3d 1184, 1186 (10th Cir.

2006) (citing *Johnson v. United States*, 529 U.S. 694, 698 (2000). Upon such a finding, the court may: (a) revoke supervised release and impose a term of imprisonment of all or part of the supervised release term authorized by statute, without credit for time served; (b) under certain conditions extend the term of supervised release; or (c) modify, reduce, or enlarge the conditions of supervised release. 18 U.S.C § 3583(e).

When a court revokes supervised release and imposes a term of imprisonment, it may impose another period of supervised release after imprisonment. 18 U.S.C. § 3583(h). Any sentence imposed by the court for a violation of supervised release may be served consecutive to the sentence the defendant is serving for a separate conviction. 18 U.S.C. § 3584; *United States v. Rodriguez-Quintanilla*, 442 F.3d 1254, 1255 (10th Cir. 2006). The court's decision on whether to revoke the terms of supervised release will be overturned on appeal only if there is an abuse of discretion. *United States v. McAfee*, 998 F.2d 835, 837 (10th Cir. 1999). A sentence within the Guidelines range is presumed to be reasonable. *United States v. McBride*, 633 F.3d 1229, 1233 (10th Cir. 2011).

## DETERMINATION OF SENTENCE

The court must consider (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) society's interest in affording adequate deterrence to criminal conduct; (3) the protection of the public from future crimes of the defendant and needed correctional treatment; (4) the advisory guidelines range; (5) pertinent policy statements issued by the United States Sentencing Commission; (6) the need to avoid unwarranted sentencing disparities; and (7) the need to provide restitution. 18 U.S.C § 3583(e) (cross-referencing

certain specific factors set forth at 18 U.S.C. § 3553(a)).[1]

As set forth below, the offense underlying the defendant's current period of supervised release is a felony under state law, which makes it a Grade B violation. *See* 18 U.S.C. §3559(a)(1). The Court may revoke the defendant's period of supervised release and impose a maximum penalty of two years of incarceration and three years, less any term of imprisonment imposed, of supervised release. 18 U.S.C. §§3583(b)(2), (e)(3) & (h); *see generally United States v. Hernandez*, 655 F.3d 1193 (10th Cir. 2011) (explaining the interaction between these statutory provisions).

## THE SENTENCING GUIDELINES RANGE

The Guidelines suggest a term of 21-27 months' imprisonment, based on the defendant's Criminal History Category VI at the time of conviction and the alleged Grade B violation. *See* U.S.S.G. § 7B1.1(b) (explaining that where there is more than violation, the most serious violation governs); U.S.S.G. § 7B1.4.

## ABUSING METHAMPHETAMINE WHILE ON SUPERVISED RELEASE IS A GRADE B VIOLATION

Numerous authorities support the conclusion that possessing and using methamphetamine is a Grade B violation of supervised release. *United States v. Rockwell*, 984 F.2d 1112 (10th Cir. 1993), *overruled on other grounds by Johnson v. United States*, 529 U.S. 694 (2000) (equating drug use with drug possession); *United States v. Robles*, 447 F. App'x 892 (10th Cir. 2012) (same); *United States v. Draper*, No. 18-3187, 2019 WL 1552732 (10th Cir. April 10,

---

[1] The 3553(a) factors excluded from the Court's consideration under 3583(e) are (1) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment and (2) the need to consider the kinds of sentences available.

2019) (applying state law to determine whether underlying violation is a felony, and therefore a Grade B violation); Colo. Rev. Stat. § 18-18-403.5(2)(a) (classifying any possession of a schedule II controlled substance as a level 4 drug felony).

The U.S. Sentencing Guidelines establish three grades of supervised release violations. Grade A violations are criminal offenses, punishable by imprisonment for more than one year, that are crimes of violence, controlled substance offenses, certain firearms offenses, or other offenses punishable by imprisonment for more than 20 years.   U.S.S.G. § 7B1.1(a)(1). Grade B violations are any other offense punishable by more than one year in prison. Grade C violations are offenses punishable by one year or less, or any other supervised release violation.   U.S.S.G. § 7B1.1(a)(2), (a)(3).

Possession of methamphetamine is a level 4 drug felony under Colorado Law, punishable by up to 2 years' imprisonment. Col. Rev. Stat. §§ 18-1.3-401.5., 18-18-403.5.   These statutes establish a "presumptive range" of 6 months to 1 year, and an "aggravated range" of 1 to 2 years' imprisonment. A list of nonexclusive aggravating factors is set out at § 18-1.3-401.5(10)(a), which requires the sentencing court to impose a higher sentence. This includes committing the possession offense while the defendant is on parole for another felony offense, as was the case here.

Drug use is the equivalent of drug possession, which means that the defendant's admitted use of methamphetamine is an admitted Colorado drug felony that should properly be classified as a "Grade B" violation of supervised release. *See Rockwell*, 984 F.2d at 1114-15; *Draper*, 768 F. App'x at 834; *People v. Cagle*, 751 P.2d 614, 620 (Colo. 1988) (en banc) (holding that using a drug must involve possession).   For these reasons, the proper guideline range in this case is 8-

14 months.

    Dated this 2nd day of December, 2021.

                                      Respectfully submitted,

                                      COLE FINEGAN
                                    United States Attorney

                                    */s/ Bryan David Fields*
                                    BRYAN DAVID. FIELDS
                                    Assistant U.S. Attorney
                                    1801 California Street, Suite 1600
                                    Denver, Colorado   80202
                                    (303) 454-0100
                                    FAX: (303) 454-0403
                                    Email: bryan.fields3@usdoj.gov
                                    Attorney for the government

CERTIFICATE OF SERVICE (CM/ECF)

I HEREBY CERTIFY that I have, this 2nd Day of December, 2021, electronically filed the foregoing document with the Clerk of Court using the ECF system, which will send notification of such filing to all counsel of record.

/s/ Bryan David Fields
BRYAN DAVID. FIELDS
Assistant U.S. Attorney
1801 California Street, Suite 1600
Denver, Colorado   80202
(303) 454-0100
FAX: (303) 454-0403
Email: bryan.fields3@usdoj.gov
Attorney for the government