IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 20-cr-00303-CMA

UNITED STATES OF AMERICA,

        Plaintiff,

v.

CARL EUGENE SCHUMANN,

        Defendant.

---

## DEFENDANT'S RESPONSE TO GOVERNMENT'S "OBJECTION TO THE SUPERVISED RELEASE VIOLATION REPOR[T]" [Doc. 20]

---

The defendant, Carl Eugene Schumann ("Mr. Schumann"), by and through undersigned counsel, David E. Johnson, hereby files this Response to the Government's Objection to the Supervised Release Violation Report [Doc. 20]:

**The SRV Report correctly found the Alleged Violations to be Grade C and correctly calculated the Revocation Range at 8 to 14 months**

### I.    Introduction

The government has argued "that using schedule II controlled substances like methamphetamine while on supervised release is a Grade B, rather than Grade C, violation of supervised release." Doc. 20 at 1. As a result, the government appears to submit that the revocation guideline range in this case is 21 to 27 months. *Id.* at 4.[1] The government's argument should be rejected. As calculated by the SRV Report, *see* Doc.

---

[1] The last sentence of the government's filing states: "the proper guideline range in this case is 8-14 months." Doc. 20 at 5-6. Although it was likely inadvertent, Mr. Schumann agrees with that statement: the correct guideline is 8 to 14 months.

18 at 3, the alleged violations in this case are Grade C, and the correct revocation guideline range is 8 to 14 months.[2]

## II.     Argument

The premise of the government's argument is that by using methamphetamine, Mr. Schumann committed a crime under Colorado state law[3] that could be punishable by over one year imprisonment. Specifically, the government cites to Colo. Rev. Stat. §

---

[2]   Undersigned counsel has previously filed a similar argument on this issue in *United States v. Flores*, 17-cr-00369-PAB (D. Colo.); the Court in that case found the argument persuasive and concluded the defendant's violations were Grade C (not Grade B) violations.

[3]   It is uncontested that Mr. Schumann's conduct would not be a felony under federal law. Specifically, under federal law, absent any recidivist enhancements, Mr. Schumann's conduct would be punishable by a maximum of one year's imprisonment. *See* 21 U.S.C. § 844(a).  Mr. Schumann does not have any qualifying prior drug convictions that would increase his maximum penalty under federal law. For that reason, *United States v. Rodriguez*, 945 F.3d 1245 (10th Cir. 2019) is inapposite. *Rodriguez* specifically declined to address the defendant's state law argument. 945 F3d at 1251.
    The government's citations to *Rockwell* and *Robles* are similarly not relevant here, *see* Doc. 20 at 4*,* as *Rockwell* and *Robles* both dealt with federal law.  Neither case has any relevance in deciding the issue in Mr. Schumann's case, which is: <u>whether application of Colorado state law would result in Mr. Schumann's conduct being punishable by over one year imprisonment</u>.
    *Rockwell* stands for the proposition that "use" equated to "possession" for federal law purposes---"for purposes of 18 U.S.C. § 3583(g)." *Rockwell*, 984 F.3d at 1114. It stressed it was only deciding "in this context" – *i.e.* the context of 18 U.S.C. § 3583(g) – that use equated to possession. *Id.* In *Robles*, while describing the history of the case, the Circuit noted in passing that "the district court concluded that Robles's positive drug tests constituted 'possession' and that 'such possession *is a violation of federal law.*'" *Robles*, 447 F. App'x at 894 (emphasis added).
    Finally, because Mr. Schumann's conduct occurred in Colorado, the government's citation to *United States v. Draper*, which involved Kansas law, is similarly not persuasive here.  *See* 2019 WL 1552732, at * 2 (10th Cir. April 10, 2019) ("applying Kansas state law").

18-18-403.5, with its corresponding penalty provision at § 18-1.3-401.5., Doc. 20 at 5. The government's argument should be rejected for three reasons.

The government's <u>first</u> mistake is claiming that Colo. Rev. Stat. § 18-18-403.5 is the relevant state statute at issue here. It is not, and the government's own briefing demonstrates why. Colorado statute § 18-18-403.5 punishes the "*possession* of a controlled substance." (Italics added). However, the government correctly frames the issue here as whether "*using* . . . methamphetamine" is punishable under state law by over one year imprisonment. *See* Doc. 20 at 1 (italics added).

Here, Mr. Schumann's conduct amounts to using a controlled substance, resulting in positive urinalysis (UA) results. Instead of Colo. Rev. Stat. § 18-18-403.5, as urged by the government, Mr. Schumann's conduct could be prosecuted in Colorado, if at all, under Colo. Rev. Stat. § 18-18-404, unlawful use of a controlled substance. The Colorado statute criminalizing *possession* of a controlled substance is immaterial to this case. Simply put, under Colorado law, the mere use of a controlled substance cannot support a charge for possession of that substance. In Colorado, unlawful use of a controlled substance is a level 2 drug misdemeanor, Colo. Rev. Stat. § 18-18-404, which is not subject to punishment of over a year imprisonment, *id.* at § 18-1.3-501(1)(d). Thus, Mr. Schumann's conduct, as a violation of Colorado's use statute, a level 2 drug misdemeanor, is not punishable by over a year imprisonment and should be classified as a Grade C violation.

Further, the government's own citation to *People v. Cagle*, 751 P.2d 614, 620 (Colo. 1988) (en banc) demonstrates the error in the government's analysis. There, the Colorado Supreme Court explained the difference between *use* versus *possession* of a

3

controlled substance. The latter calls for a greater penalty, it said, because "[o]ne who possesses controlled substances poses a greater threat to the preservation of public peace, health and safety." *Cagle*, 751 P.2d at 620 (internal quotation marks and citation omitted). By contrast, once someone uses a controlled substance, and is no longer in possession of it, "he primarily threatens only his own health and well-being." *Id*. In other words, "possession ends when the drug is consumed." *Campbell v. People*, 73 P.3d 11, 14 (Colo. 2003). Thus, in Colorado, when one is found in actual possession of a controlled substance they can be prosecuted under the possession statute—which calls for a greater penalty—because they pose a greater risk to the public. By contrast, once the drugs are used, that risk is removed, and the admitted user is guilty of less culpable conduct.

Here, Mr. Schumann used drugs resulting in positive UA results. He was never found in possession of drugs. His conduct could be prosecuted, if at all, under Colorado's *use* statute. Contrary to the government's position, the identical conduct of having a positive UA result could not simultaneously be prosecuted under Colorado's *possession* statute. A contrary conclusion would be contrary to Colorado law.

Specifically, treating the conduct of violations 1 through 15 — positive UA results — as prosecutable under § 18-18-403.5 (as opposed to § 18-18-404) would result in an equal protection violation under Colorado law. *See United States v. Rodriguez*, 945 F.3d 1245, 1249 n.3 (10th Cir. 2019) (describing the argument but finding it was waived and affirming on alternative grounds). It is a violation of Colorado's equal protection jurisprudence if "identical behavior could result in different charging decisions and dramatically different punishments." *People v. Slaughter*, 439 P.3d 80, 89 (Colo. App.

4

2019) (internal quotation marks omitted). To that end, the Colorado "General Assembly is restrained from allowing the prosecutor to choose between provisions that punish identical conduct by different penalties." *Campbell*, 73 P.3d at 14.

In short, Mr. Schumann's conduct is punishable under state law, if at all, via § 18-18-404. And concluding that that same conduct could also be prosecuted via § 18-18-403.5 would be condoning an equal protection violation. The government's argument under Colorado law would give the prosecutor unrestrained discretion to "choose between provisions that punish identical conduct by different penalties." *Campbell*, 73 P.3d at 14. This would constitute an equal protection violation under Colorado law. *See People v. Mumaugh*, 644 P.2d 299 (Colo. 1982) ("[T]o suffer a more severe penalty for conduct indistinguishable from that which carries a lesser penalty violates equal protection of the laws."). Thus, the government's argument must be rejected. Mr. Schumann's conduct under state law should be analyzed using § 18-18-404, not § 18-18-403.5.

Second, the government's argument fails for another reason. Even if Mr. Schumann could be prosecuted under the possession statute, § 18-18-403.5, this Court should still conclude that it is not punishable by over a year imprisonment. As a level 4 drug felony, the maximum penalty for possession conduct alone (called the "presumptive penalty" by the state) is 12 months. *See* Colo. Rev. Stat. § 18-1.3-401.5. The "presumptive penalty" is the range that this Court must consider when determining whether Mr. Schumann's conduct constitutes a Grade B or a Grade C violation. *See Blakely v. Washington*, 542 U.S. 296, 303 (2004) (finding that the "statutory maximum" for *Apprendi* purposes is the maximum sentence a judge may impose solely on the

basis of the facts reflected in the jury verdict or admitted by the defendant.");  *Cunningham v. California*, 549 U.S. 270 (2007).  This Court's consideration of the "aggravated range" (as opposed to the "presumptive range") is impermissible.

Finally, it is important to note that there is no logic to the government's desire to upgrade Mr. Schumann's Grade C violation to a Grade B violation.  Doing so provides disincentives for addicts to provide urinalyses.  If an addict misses a UA, it would be a Grade C violation.  But if an addict provides a positive UA, it becomes a Grade B violation. The government's argument incentivizes the missing of UAs. The argument should be rejected.

## III.   Conclusion

Under the government's analysis, the resulting guideline range is both unwarranted and incorrect. For the reasons stated above, all of Mr. Schumann's violations constitute Grade C (not Grade B) violations, and the correct advisory guideline range in this case is 8 to 14 months' imprisonment.

    Respectfully submitted,

    VIRGINIA L. GRADY
    Federal Public Defender


    s/ David E. Johnson
    DAVID E. JOHNSON
    Assistant Federal Public Defender
    633 17th Street, Suite 1000
    Denver, CO  80202
    Telephone:  (303) 294-7002
    FAX:  (303) 294-1192
    David_johnson@fd.org
    Attorney for Defendant

CERTIFICATE OF SERVICE

    I hereby certify that on December 6, 2021, I filed the foregoing ***Defendant's Response to Government's "Objection to the Supervised Release Violation Repor[t]" [Doc. 20]*** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following e-mail address:

Bryan D. Fields, Assistant United States Attorney
E-mail:  bryan.fields3@usdoj.gov

    I hereby certify that I have mailed or served the document or paper to the following participant in the manner (mail, hand-delivery, etc.) indicated next to the participant's name:

Carl Eugene Schumann (via U.S. mail)

        s/ David E, Johnson
        DAVID E. JOHNSON
        Assistant Federal Public Defender
        633 17th Street, Suite 1000
        Denver, CO  80202
        Telephone:  (303) 294-7002
        FAX:  (303) 294-1192
        David_johnson@fd.org
        Attorney for Defendant